NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0427n.06
Filed: June 20, 2007

No. 06-3430

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SPEEDY MULCH LLC; DANIEL SPEEDY,    )
                                    )
    Plaintiffs-Appellants,          )
                                    )
v.                                  )    ON APPEAL FROM THE UNITED
                                    )    STATES DISTRICT COURT FOR THE
DONALD J. GADD; VILLAGE OF          )    SOUTHERN DISTRICT OF OHIO
BYESVILLE,                          )
                                    )
    Defendants-Appellees.           )

Before: ROGERS, COOK, Circuit Judges; and O'MALLEY, District Judge.[*]

PER CURIAM. Speedy Mulch LLC and Daniel Speedy appeal the district court's grant of

summary judgment to the defendants Donald Gadd and the Village of Byesville. Having reviewed

the record and the applicable law, and having the benefit of oral argument and the parties' briefs, we

determine that no jurisprudential purpose would be served by a panel opinion. We affirm the district

court's decision largely for the reasons stated in that court's opinion with a caveat about the court's

treatment of the plaintiffs' First Amendment retaliation claim. The plaintiffs alleged that Mayor

Gadd retaliated against them because Speedy spoke out against him and supported an opposing

candidate for mayor. According to the plaintiffs' Amended Complaint, this retaliation took the form

_____

[*]The Honorable Kathleen McDonald O'Malley, United States District Judge for the Northern
District of Ohio, sitting by designation.

of "a taking of Plaintiffs' personal and real property interests with threats of a lawsuit." As the district court correctly recognized, a "retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Our review confirms that the plaintiffs met the first two prongs of this test—Speedy engaged in protected conduct, and the plaintiffs demonstrate opposition by a government official that would deter a person of ordinary firmness from speaking. To the extent that the district court's opinion can be read to require the plaintiffs to show that the opposition deterred Speedy in a subjective sense, we do not endorse its view. Nevertheless, as the district court properly concluded, the plaintiffs are unable to meet their burden to demonstrate any causal nexus between Speedy's speech and the defendants' actions. The record does not support the conclusion that the allegedly retaliatory lawsuit stemmed from anything other than a business dispute unrelated to Speedy's speech.

We affirm the district court's judgment for the reasons set forth above.